## PUTNEY, TWOMBLY, HALL & HIRSON LLP

| | ESTABLISHED 1866 | 740 BROAD STREET, SUITE 2 |
|---|---|---|
| DANIEL F. MURPHY, JR. | | SHREWSBURY, NEW JERSEY 07702 |
| THOMAS A. MARTIN | COUNSELORS AT LAW | (732) 379-6020 |
| WILLIAM M. POLLAK | 521 FIFTH AVENUE | TELEFAX: (732) 345-9444 |
| JAMES E. McGRATH, III | | |
| CHRISTOPHER M. HOULIHAN | NEW YORK, NEW YORK 10175 | 1205 FRANKLIN AVENUE |
| STEPHEN J. MACRI | (212) 682-0020 | GARDEN CITY, NY 11530 |
| MARY ELLEN DONNELLY | | (516) 746-0070 |
| JOSEPH B. CARTAFALSA | TELEFAX: (212) 682-9380 | TELEFAX: (516) 746-0599 |
| GEOFFREY H. WARD | PUTNEYLAW.COM | |
| ANDREA HYDE | | 2000 GLADES ROAD |
| E. PARKER NEAVE | | SUITE 300 |
| MARK A. HERNANDEZ | | BOCA RATON, FLORIDA 33431 |
| JAMES M. STRAUSS | | (800) 935-8480 |
| PHILIP H. KALBAN | | TELEFAX: (561) 613-4100 |
| JEROME P. COLEMAN | | |
| BARBARA M. MAISTO | | COUNSEL |
| CARYN B. KEPPLER | | CHARLES J. GROPPE |
| ROBERT M. TUCKER | | ALEXANDER NEAVE |
| | February 27, 2017 | THOMAS M. LAMBERTI |
| | | HARVEY I. SCHNEIDER |

**Via ECF**

Honorable William H. Pauley III
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

       Re:    **Standard General L.P. v. The Travelers Indemnity Company of Connecticut**
              **Case No.: 1:17-cv-00548 (WHP) (GWG)**

Dear Judge Pauley:

       The undersigned is counsel to The Travelers Indemnity Company of Connecticut ("Travelers") with respect to the above-captioned matter (the "Action"). The purpose of this letter is to respond to Plaintiff's letter request to Your Honor for a pre-motion conference dated February 20, 2017 and to advise Your Honor of Travelers' intention to move pursuant to FRCP 12(b)(6) to dismiss the Complaint and its claims concerning Travelers' duty to defend and indemnify its insured, Standard General L.P., ("Standard") pursuant to the terms of Policy Nos. 660-2D920156 (the "Primary Policy") and CUP-2D921177-14-42 (the "Umbrella Policy), collectively referred to herein at times as the "Policies," as respects the claims asserted against Standard in the underlying action styled *Charney v. Standard General L.P., et al.*, No. BC 581130, Superior Court of the State of California, Los Angeles County (the "Charney Action"). Travelers agrees that this Action lends itself to early disposition and sets forth the basis for its position below. Travelers' time to respond to the Complaint has been extended by stipulation and order to March 10, 2017.

**I.    The Complaint Does Not Assert a Claim for "Advertising Injury" as Defined by the Policies**

       The Complaint in the Charney Action alleges that on December 22, 2014, Standard General, via spokesperson Liz Cohen of Weber Shandwick, "made comments to press outlets regarding Plaintiff Charney, which comments contained numerous defamatory falsehoods knowingly made about Charney…" Ms. Cohen allegedly stated that Standard General "supported the independent, third party and very thorough investigation into the allegations

against Mr. Charney, and respect the board of director's decision to terminate him based on the results of that investigation." (Charney Cmplt ¶ 44). Mr. Charney claims that these statements portrayed Mr. Charney as "someone found liable and/or guilty by 'independent' and 'third party' investigators of committing financial malfeasance and illegal sexual harassment and discrimination sufficient to terminate his employment for 'cause'." (Charney Cmplt ¶ 48) Standard asserts that because these statements "relate" to Standard's investment and interest in American Apparel, and were made in an effort to prevent Mr. Charney from regaining control of American Apparel, the statements fall within the definition of "advertisement" in the Travelers Policies.

To fall within any of the enumerated offenses of "advertising injury" as defined by the Policies, the oral or written publication of materials must be made "in [Standard's] 'advertisement'," defined by the Policies to mean "a notice that is broadcast to the general public or specific market segment about your goods, products or services for the purpose of attracting customers or supporters...." As alleged in the Complaint, Standard is a hedge fund that provides investment services. The alleged statement of Ms. Cohen concerned Mr. Charney's ouster from American Apparel and Standard's support of the investigation and respect for the Board's decision to terminate Mr. Charney's employment as American Apparel's CEO. Indisputedly, Ms. Cohen's alleged statement says nothing, either expressly or impliedly, about Standard's investment services.

There is no allegation either by Mr. Charney or by Standard in its Complaint that Standard's purpose in making the statement was to attract customers or supporters, nor can such purpose reasonably be inferred. Rather, the Charney Complaint specifically alleges that the statements were made to defame Charney so as to prevent him from attracting independent investors and regaining control of American Apparel. Thus, the statement cannot be characterized as being made to "attract supporters" as required by the definition of "advertisement" in the Policies. While Standard was the controlling investor in American Apparel at the time of the firing, the statements were not about Standard's "goods, products or services." Therefore, Ms. Cohen's statements do not qualify as "advertisements" under the Policies.

**II.    The Employment-Related Practices Exclusion Applies to Personal Injury**

Mr. Charney alleges that he was defamed and placed in a false light by the December 2014 press release issued by Standard. Thus, while his complaint may assert a "personal injury" offense as defined by the Policies, coverage for the claim is precluded based on an exclusion in the Policies. The Travelers Policies each contain an exclusion which precludes coverage for "personal injury" "to a person arising out of any: ... (b) termination of that person's employment." The exclusion further provides that "[t]his exclusion applies: (1) whether the insured may be liable as an employer or in any other capacity..." Standard argues that the exclusion does not preclude coverage for the "personal injury" alleged in the Charney Action because Charney was not an employee of American Apparel at the time the statements were made, and he was never an employee of Standard. Standard's reading of the exclusion is both incomplete and incorrect.

Honorable William H. Pauley III
February 27, 2017
Page 3

      The applicable language of the exclusion is broad and precludes coverage for any "personal injury" arising out of termination of a person's employment. There is no requirement in the exclusion that the person alleging personal injury be an employee of the insured to be excluded from coverage. Such an interpretation would require the court to ignore the plain language of the exclusion and, instead, add contrary and limiting language. Moreover, the exclusion specifically states that it applies without regard as to whether the insured is alleged to be liable in its capacity as an employer or in some other capacity. Thus, it is of no moment that Charney was not an employee of Standard. On the contrary, the plain language of the endorsement merely requires that any alleged "personal injury" arise out of the person's termination from employment. Mr. Charney alleges that he was injured by Standard when its spokesperson made statements regarding his termination as CEO of American Apparel by what Charney describes as the "Standard General-controlled American Apparel Board of Directors." Thus, the damages sought by Charney arising out of the alleged defamation are entirely within the ambit of the exclusion, regardless of whether Standard is sued in its capacity as an employer or in any other capacity.

      In light of the above and the February 20, 2017 letter to Your Honor on behalf of Standard, Travelers consents to a pre-motion conference to discuss a briefing schedule and for the motions outlined to Your Honor. We thank the Court for its consideration of this matter.

Respectfully,

Thomas A. Martin