**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STANDARD GENERAL L.P., | : |
|         Plaintiff, | : Civil Action No. 1:17-cv-548 (WHP) |
| v. | : **PLAINTIFF'S INITIAL** |
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, | : **DISCLOSURES PURSUANT TO** |
| | : **FED. R. CIV. P. 26(a)(1)** |
|         Defendant. | : |

Plaintiff Standard General L.P. ("Standard" or "Plaintiff"), by and through its undersigned counsel, hereby provide the following initial disclosures ("Initial Disclosures") pursuant to Fed. R. Civ. P. 26(a)(1):

**PRELIMINARY STATEMENT**

1. These Initial Disclosures are made by Plaintiff based upon documents, knowledge, and information presently and reasonably available to it as of the date hereof, on the basis of documents, knowledge, and information within its possession, custody or control. Plaintiff reserves and does not waive the right to rely on any information, facts, documents, or other materials that may subsequently come to its attention through further investigation, discovery, disclosure, or otherwise, or the right to supplement, amend, modify, correct or clarify these Initial Disclosures based upon any such other and additional information, facts, documents, or other materials. In that regard, Plaintiff specifically notes that, as of the date of these Initial Disclosures, Defendant has not yet filed or served its response to Plaintiff's complaint (the "Complaint") and that those responses, when filed and served, may impact these Initial Disclosures.

2. In providing these Initial Disclosures, Plaintiff incorporates the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3, including each of the definitions and rules of construction therein.

3. In providing these Initial Disclosures, Plaintiff reserves and does not waive the right to object to the relevance, authenticity, or admissibility of any information contained herein. Plaintiff's Initial Disclosures are made without waiving the right to object on the grounds of competency, privilege, relevancy, hearsay, or any other proper ground, or the right to object to the use or disclosure of any information set forth herein for any purpose, in whole or in part, in this action or outside of this action.

4. Plaintiff's Initial Disclosures are made without waiving the right to object on any and all proper grounds to any other discovery requests, whether pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Southern District of New York, or otherwise.

5. Plaintiff's Initial Disclosures are being made subject to, and without waiver of, the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity from disclosure.

6. Each of the preceding statements in this Preliminary Statement is incorporated by reference into each of the specific disclosures below as though fully set forth therein

## INITIAL DISCLOSURES

**Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1. <u>Plaintiff Standard General</u>:  The following current and former employees of Plaintiff listed below are likely to have discoverable information that Plaintiff may use to support

its claims. Each of these individuals shall be contacted in the first instance through the undersigned counsel for Plaintiff, McKool Smith, P.C., One Bryan Park—47th Floor, New York, NY 10036.

>   Gail Seiner: Ms. Steiner presently serves as General Counsel and Chief Compliance Officer for Standard. Ms. Steiner contains knowledge regarding the relevant insurance policies and Standard's insurance claim.
>
>   Joseph Mause: Mr. Mause presently serves as Chief Financial Officer for Standard. Mr. Mause contains knowledge regarding the relevant insurance policies, Standard's insurance claim, and costs Standard has incurred and paid in connection therewith.

2.  Plaintiff's Insurance Broker and Underlying Defense Counsel.: The following current and former employees of Plaintiff's insurance broker and/or underlying defense counsel listed below are likely to have discoverable information that Plaintiff may use to support its claims, subject to applicable attorney-client privileges. Each of these agents of Plaintiff shall be contacted in the first instance through the undersigned counsel for Plaintiff, McKool Smith, P.C., One Bryan Park—47th Floor, New York, NY 10036.

>   Gregory Duca: Mr. Duca is a Senior Managing Director at Crystal & Co., Standard's insurance broker, who assisted Standard in submitting its insurance claim and corresponding with Defendant.
>
>   Robert Kossman: Mr. Kossman is a Director at Crystal & Co. who assisted Standard in submitting its insurance claim and corresponding with Defendant.
>
>   Robert G. Amendola: Mr. Amendola is an Executive Managing Director at Crystal & Co. who assisted Standard in submitting its insurance claim and corresponding with Defendant.
>
>   Mark B. Helm: Mr. Helm is a Partner at the law firm of Munger, Tolles & Olson LLP, and has served as defense counsel for Standard in the underlying civil proceeding brought by Dov Charney in the Superior Court of California against Standard, captioned *Charney v. Standard General L.P., et al.*, Case No. BC581130 (the "*Charney* Action").

3

> Jay S. Auslander: Mr. Auslander is a Partner at the law firm of Wilk Auslander LLP, and has served as defense counsel for Standard with respect to the underlying *Charney* Action.

3. <u>Defendant The Travelers Indemnity Company of Connecticut</u>: On the basis of documents, knowledge, and information presently and reasonably available to Plaintiff as of the date hereof, the following persons currently or formerly associated with The Travelers Indemnity Company of Connecticut ("Travelers") may have discoverable information that Plaintiff may use to support its claims:

> Pamela A. Johnson: Ms. Johnson is a Travelers Claim Professional/Complex Case Specialist who communicated Travelers' coverage denial to Standard. On information and belief, Ms. Johnson can be contacted at the below address:
>
> 385 Washington Street
> Mail Code 9275-SB03T
> St. Paul, MN 55102
> (651) 310-5861
>
> Kenneth P. Horenstein: Mr. Horenstein is Vice President and Associate Group General Counsel for Claim Legal and Specialized Services, General Liability at Travelers. Mr. Horenstein corresponded with Standard, Standard's broker and Standard's outside counsel regarding Travelers' coverage denial. On information and belief, Mr. Horenstein can be contacted at the below address:
>
> One Tower Square, 4MS
> Hartford, CT 06183-1050
> (860) 277-9521

**Rule 26(a)(1)(A)(ii): A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiff has in its possession, custody, or control documents, electronically stored information, and tangible things concerning the matters set forth in the Complaint, which generally include (but are not necessarily limited to: documents, electronically stored information, and tangible things concerning the insurance policies issued to Plaintiff by

Travelers; claims correspondence between Plaintiff and Travelers regarding the insurance claim at issue in this action; coverage and/or defense demands made by Plaintiff to Travelers relating to the insurance claim at issue in this action; pleadings and other publicly filed court documents relating to the *Charney* Action; and invoice and payment records itemizing the defense costs Plaintiff has incurred and paid in defending against the *Charney* Action. To the extent not already provided, Plaintiff will produce these materials pursuant to Plaintiff's responses to discovery requests propounded by Travelers if and to the extent this dispute is not resolved prior to discovery, and subject to (a) a reasonable search protocol (including custodians, search terms, date ranges and other parameters) to be applied to Plaintiff's search for documents, and (b) all appropriate reservations, objections, privileges, protections, or immunities from disclosure.

**Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiff is seeking: (a) insurance coverage under Travelers' Policy No. I-660-2D920156-TCT-14 (the "Primary Policy") for at least $546,259.91 in defense costs Plaintiff has incurred and paid to date in its successful defense of the *Charney* Action, for which Travelers has failed to make payment, plus any future defense or indemnity expenditures covered under the Primary Policy that Plaintiff is required to make in connection with the *Charney* Action, if any[1]; (b) statutory interest from June 10, 2016, the date Travelers denied coverage for the *Charney* Action claim under the Primary Policy; (c) compensatory damages in an amount to be determined at trial; and (d) costs and fees including attorneys' fees and other fees and costs incurred by Plaintiff. Plaintiff has made the documents upon which its computation of defense

---

[1] To the extent any future costs are incurred and amount in excess of the Primary Policy's limit of liability, Standard seeks coverage for such costs under the Excess Policy No. CUP-2D921177-14-42 issued by Travelers to Standard.

costs is based available to Travelers, and will make any documents upon which any further or final computation of defense costs is based available under Fed. R. Civ. P. 34 as discovery proceeds.

**Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment**

This category of disclosures is not applicable. Plaintiff is bringing this lawsuit and seeks a judgment against Travelers.

Dated: New York, New York
April 14, 2017

                MCKOOL SMITH, P.C.

By: _____
    Robin L. Cohen (rcohen@mckoolsmith.com)
    Adam S. Ziffer (aziffer@mckoolsmith.com)
    Kenneth H. Frenchman (kfrenchman@mckoolsmith.com)
    Jillian Raines (jraines@mckoolsmith.com
    One Bryant Park – 47th Floor
    New York, NY 10036
    Telephone: (212) 402-9400
    Facsimile: (212) 402-9444

*Attorneys for Plaintiff*