UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STANDARD GENERAL L.P., <br><br> Plaintiff, <br><br> v. <br><br> THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, <br><br> Defendant. | Case No. 1:17-cv-00548 (WHP) (GWG) <br><br> **PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1** |

Plaintiff Standard General L.P. ("Standard") submits this statement pursuant to Local Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, to set forth the material facts as to which it contends there is no genuine issue to be tried:

1. Plaintiff is a limited partnership incorporated under the laws of Delaware with its principal place of business in New York. Standard operates as a New York-based investment firm that specializes in event-driven management funds and distressed company investments, including those with complex capital structures that are undergoing dramatic change. (*See* Steiner Aff. Ex. 1, ¶ 5.)

2. On May 7, 2015, Dov Charney sued Standard for, *inter alia,* defamation, false light, and false advertising by Dov Charney, (the "*Charney* Action"). (*See generally* Steiner Aff. Ex. 3.)

3. The *Charney* complaint alleged that, following Charney's termination, "American Apparel's Board launched a campaign designed to harass, intimidate, and slander Charney." (*See* Steiner Aff. Ex. 3 ¶ 15.)

4. The Charney complaint also alleged Standard sought to "reinforc[e] Charney's exit from the company and entrench[] Standard General's control over the same, to Charney's and minority shareholders' detriment." (*Id.* ¶ 22.)

5. In his complaint, Mr. Charney claimed that Standard launched "an anti-Charney publicity campaign designed to destroy Charney's personal and professional reputation." (*Id.* ¶¶ 43.)

6. The *Charney* complaint asserts by making these statements that were "subsequently republished online and which were repeated throughout media outlets around the world, [Standard] has created publicity that placed [Charney] in a false light in the public eye." (*Id.* ¶¶ 55.)

7. The complaint filed in the *Charney* action plead five causes of action: 1) defamation; 2) false light; 3) intentional interference with actual economic relations; 4) intentional interference with prospective economic relations; and 5) violations of *Business & Professions Code* §§ 17200, et. seq. (*Id.* ¶¶ 47-75.)

8. On October 30, 2015, the California Superior Court filed its Statement of Decision granting Standard's anti-SLAPP motion and dismissing the *Charney* Action complaint with prejudice. (*See generally* Steiner Aff. Ex. 4.)

9. Dov Charney thereafter appealed that judgment in Standard's favor before the Court of Appeal of the State of California, Second Appellate District. On March 28, 2017, the California appeals court affirmed the judgment for Standard. (*See generally* Steiner Aff. Ex. 5.)

10. On May 5, 2017, Dev Charney filed a Petition for Review in the Supreme Court of the State of California. (*See generally* Steiner Aff. Ex. 6).

11. Travelers issued primary commercial general liability policy no. I-660-2D920156-TCT-14 (the "Policy"), providing coverage to Standard as the "named insured" during the policy period of September 1, 2014 to September 1, 2015. (*See generally* Steiner Aff. Ex. 2.)

12. The Policy provides $1 million in limits for all losses arising from both "personal injury" and "advertising injury," and expressly provides that Travelers "will have the right and duty to defend" Standard against any "suit" seeking damages. (*Id.* at CGL Part, § I, Coverage B ¶ 1(a).)

13. "Suit" is defined in the Policy as "a civil proceeding in which damages because of . . . ['personal injury' or 'advertising injury'] to which this insurance applies [is] alleged." (*Id.* at CGL Part, § V(18); *id.* at CGL Part, Amendment of Coverage B Endorsement ("Cov. B End."), § A.)

14. Under the Policy, "advertising injury" is defined, in relevant part, as injury caused by "[o]ral or written publication, including publication by electronic means, of material in your 'advertisement' that slanders or libels a person . . . or disparages a person's . . . goods, products or services . . ." or that "unreasonably places a person in a false light." (*Id.* at CGL Part, Cov. B End., § F.)

15. "Advertisement" is defined very broadly as any notice "broadcast or published to the general public . . . about [Standard's] goods, products or services for the purpose of attracting customers or supporters." (*Id.* at CGL Part, § V(1).)

16. "Personal injury" under the Policy expressly includes injury caused by "oral or written publication, including publication by electronic means," of any "material that slanders or

libels a person . . . or disparages a person's . . . goods, products or services . . . ," or that "unreasonably places a person in a false light." (*Id.* at CGL Part, Cov. B End., § F.)

17. The policy contains an ERP exclusion. This exclusion only applies to a personal injury, and not advertising injuries. In relevant part, it states coverage does not apply to a personal injury to a person arising out of any: "(a) Refusal to employ that person; (b) Termination of that person's employment; or (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person." (*Id.* at CGL Part, ERP Exclusion Endorsement, § B.)

Dated: May 15, 2017

                                             MCKOOL SMITH, P.C.

                                             By:_____/s/ Adam S. Ziffer_____
                                                  Robin L. Cohen
                                                  Adam S. Ziffer
                                                  Kenneth H. Frenchman
                                                  Jillian Raines

                                                  One Bryant Park, 47th Floor
                                                  New York, NY 10036
                                                  Telephone: (212) 402-9804
                                                  rcohen@mckoolsmith.com
                                                  aziffer@mckoolsmith.com
                                                  kfrenchman@mckoolsmith.com
                                                  jraines@mckoolsmith.com

                                            *Attorneys for Plaintiff*